**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

NANCY REBECCA BROWN, individually
and as Trustee of the J. W. Brown and
Nancy L. Brown Living Trust                                                        PLAINTIFF

VS.                                         NO:1:10CV0035

XTO ENERGY, INC.                                                                    DEFENDANT

**ORDER DENYING MOTION FOR REMAND**

Pending is Plaintiff's Motion for Remand.  (Docket # 5).  Defendant has responded to the motion and Plaintiff has filed replies.  For the reasons set forth below, the Motion to Remand is DENIED.

I.      Facts

Plaintiff commenced this action in the Circuit Court of Cleburne County, Arkansas on April 14, 2010 naming XTO Energy, Inc. as a Defendant.  Plaintiff owns 136.54 net mineral acres in Section 24 of Township 10 North, Range 10 West, Cleburne County, Arkansas.  In 2005, Plaintiff's predecessors in interest, executed an oil and gas lease pursuant to which they leased their mineral rights to the Defendant's predecessor in title (the "Lease").  Plaintiff now seeks a declaratory judgment finding that the Lease has expired in addition to damages for slander of title.  Defendant removed the case from Cleburne County Circuit Court on May 13, 2010 based on diversity jurisdiction.  Plaintiff does not dispute that complete diversity exists between the parties, but argues that the amount in controversy does not exceed $75,000.00.

II.     Discussion of the Law

Any civil action brought in state court which alleges claims within the original jurisdiction of the United States District Courts may be removed by the defendant to the

appropriate federal court.  28 U.S.C. §1441(a).  The Court's original jurisdiction, of course, includes diversity jurisdiction.

Once a case has been removed to federal court, a motion to remand to state court may be brought on the basis of any defect in the removal procedure.  28 U.S.C. § 1447(c).  If it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  In making this determination, the Court must resolve all doubts in favor of a remand to state court.  *See Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir. 2007).

    A.    <u>Amount in Controversy</u>

"[W]here . . . the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."  *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir. 2003).  The Eighth Circuit Court of Appeals recently reiterated that "in a suit for declaratory or injunctive relief the amount in controversy is the value to the plaintiff of the right that is in issue.  *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010).  In *Usery*, the plaintiffs brought suit in an Arkansas state court to quiet title to a mineral interest.  The defendants removed the case to federal court and the district court denied a motion to remand.  In reversing the district court's order, the Eighth Circuit held that the amount in controversy "is not how a plaintiff subjectively values a right or even what his or her good-faith estimate of its objective value is.  The question is the actual value of the object of the suit."  *Id.* at 1019.  The Court concluded "[t]he matter in controversy is the market value of the disputed mineral interest and that by definition is necessarily the same to both parties."

Plaintiff argues that the inquiry in this case is the value of the mineral lease with an

expiration date of March 12, 2010.  The Court disagrees.  As in *Usery*, the Court finds that the matter in controversy herein is the "market value of the disputed mineral interest."

The  Defendant has submitted the affidavit of Chris Broadway, Regional Land Manager for XTO Entergy, Inc.  Mr. Broadway explains that the custom of the oil and gas industry is to value mineral rights on a dollars per net mineral acre basis.  On that basis, he divided $75,000 by 136.54 net mineral acres, resulting in a figure of $549.29 per net mineral acre.  Mr. Broadway opines that the mineral title to the mineral interests at issue herein is worth in excess of $550.00 per net mineral acre.  Mr. Broadway states that XTO stands ready and willing to purchase the Plaintiff's mineral rights for $550.00 per net mineral acre.  The Court finds that Mr. Broadway's affidavit establishes that the market value of the disputed mineral interest exceeds $75,000.

Based on the affidavit of Mr. Broadway, the Court finds that the Defendant has established by a preponderance of the evidence that the market value of the disputed mineral interest exceeds $75,000.

III. Conclusion

Plaintiff's Motion to Remand (Docket # 5) is DENIED.

IT IS SO ORDERED this 28th day of July, 2010.

_____
James M. Moody
United State District Judge